IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TEVIN RANDLE                                                                    PETITIONER
ADC #152424

v.                                          4:24-cv-00351-JJV

DEXTER PAYNE                                                                    RESPONDENT

**MEMORANDUM AND ORDER**

**I.   BACKGROUND**

Petitioner, Tevin Randle, is an inmate at the Grimes Unit of the Arkansas Division of Correction. He pleaded guilty to battery in the first-degree and possession of a firearm by certain persons in the Phillips County Circuit Court and was sentenced to concurrent five-year terms of imprisonment followed by a sixty-month period of suspended imposition of sentence (SIS) upon his release. *Randle v. State*, 2023 Ark. App. 234, at 1, 664 S.W.3d 476, 477. After being released from prison, Mr. Randle was charged with kidnapping China Kirkland and the State moved to revoke his SIS. While the kidnapping case was pending, the Phillips County Circuit Court held a revocation hearing. The Arkansas Court of Appeals summarized the evidence presented at the hearing as follows:

> Kirkland testified that the night of the incident, she and her boyfriend, Derrick Williams, were at his house playing video games with Courtney Burkes. Williams lived with his brother, Randle. Kirkland testified that she overheard Burkes tell Randle over speaker phone that two pounds of marijuana was missing from the house. While her testimony differed at trial, Kirkland acknowledged that she previously had informed law enforcement that Randle and Kyle McIntosh were driving back from Little Rock and that Randle instructed Burkes to "keep everyone there" and that no one could leave the residence until he and McIntosh returned.
>
> The two arrived a few hours later. McIntosh entered the residence first, followed by Randle, who, according to Kirkland's testimony, immediately "closed the door and locked it[.]" She recalled that Burkes stood guard with a gun, and McIntosh,

with knife in hand, began questioning Kirkland about the missing marijuana. McIntosh then instructed Patrick Davis, another person at the house, to go to the store to get duct tape and trash bags because he was "going to kill [Kirkland]." Kirkland testified that Randle remained at the residence. Upon Davis's return, McIntosh bound Kirkland with duct tape and stuffed socks in her mouth. Kirkland was then put in the trunk of Randle's car, though Randle remained at the residence. She was taken to Mississippi, where McIntosh and Davis dragged her out of the trunk and into the woods. Davis stabbed her thirty-five times. Kirkland eventually played dead, and they left her.

At the hearing, Kirkland admitted that her testimony was not consistent with what she originally told the police. The State moved to introduce Kirkland's recorded prior inconsistent statement. Randle objected because he did not have a copy of the recording, but the objection was overruled. At the hearing, Kirkland testified that Randle called her a "bitch" and a "whore" but that he never had a firearm and never kidnapped her or kept her from leaving the house. She also testified that he was not able to help or do anything to stop McIntosh because he was being kidnapped, too, and that he was not able to call for help because McIntosh and Davis took everyone's phones.

Randle also took the stand and denied any participation in the kidnapping. On cross-examination, he admitted that he had kidnapped someone in 2017, and when he was interviewed about Kirkland's kidnapping, he had lied to police when he told them that she had not been at his residence.

In granting the State's revocation petition, the court found in part:
[Randle] allowed the use of his car. He's sitting at the table. I think the testimony came out on the statement what he was doing continuing to make money, selling drugs. I think that came out in the video. I'm going to allow the video. I'm going to give weight to that versus the testimony. I'm still trying to figure out what's going on with this case. I know I would be afraid to come and testify. I think she's told her story, but the details somehow come and go. [I] think the best version of it was on the video that I watched today.

I think this defendant is just as guilty–part of this and cause though he didn't do it himself, but could have done far more to stop it. I think this is actually a tragedy. I think it's only a miracle that this young lady survived.

*Id.* at *2-4, 478.

The Circuit Court revoked Mr. Randle's SIS and sentenced him to two concurrent ten-year terms of imprisonment. (Doc. No. 12-3). Mr. Randle has now filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, claiming actual innocence (Doc. No. 2.) He states,

"My suspended sentence was revoked due to new charges of kidnapping that were later dropped by the state." (*Id.* at 5.)

Respondent has countered by filing a Motion to Dismiss. (Doc. No. 11.) Respondent points out that Mr. Randle presently has pending a petition for post-conviction relief pursuant to Ark. R. Crim. P. 37 as well as a state Habeas Corpus Petition pursuant to Ark. Code Ann. §§ 16-112-101. (*Id.* at 2.) Both petitions are presently still pending in the Phillips County Circuit Court, so, Respondent states, "Because Randle's petitions in state court are still pending, his available remedies are not exhausted, and, therefore, his federal habeas petition should be dismissed." (*Id.*)

I have carefully reviewed Mr. Randle's Petition (Doc. No. 2), the State's Motion to Dismiss (Doc. No. 11), the Brief and attached exhibits (Doc. No. 12), and Petitioner's Response (Doc. No. 13). Based on my review, it plainly appears Mr. Randle's Petition was filed prematurely. Accordingly, for the following reasons, the Petition should be dismissed without prejudice.

**II.    ANALYSIS**

Before filing a federal habeas petition, a state inmate must first "fairly present" the substance of his federal habeas claims to the appropriate state courts and exhaust all available state remedies. *Murphy v. King*, 652 F.3d 845, 848-49 (8th Cir. 2011) (citing *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); 28 U.S.C. § 2254(b)(1) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State")). The fair-presentment requirement exists so that the respective state has the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Murphy*, 652 F.3d at 849 (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)); *see also Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Darr v. Burford*, 339 U.S. 200, 204 (1950)) ("We have consistently adhered to this federal policy, for 'it would be unseemly in our dual system of

government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation.'"); *Lenza v. Wyrick*, 665 F.2d 804, 807-08 (8th Cir. 1981). To fairly present a federal claim to the state courts, the petitioner must have referred to "'a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue' in a claim before the state courts." *Murphy*, 652 F.3d at 849. To exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Here, Mr. Randle's Rule 37 and State Habeas Petitions are still pending, so I find the instant federal Petition for Writ of Habeas Corpus is not yet ripe and must be dismissed without prejudice.

Additionally, Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No such showing has been made here, and no certificate of appealability shall issue.

### III.     CONCLUSION

IT IS, THEREFORE, ORDERED that Mr. Randle's Petition for Writ of Habeas Corpus (Doc. No. 2) is DISMISSED without prejudice and the requested relief be DENIED. A Certificate of Appealability will not issue.

DATED this 10th day of June 2024.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE